REGAN, Judge.
Plaintiff, Richard H. Derwostyp, individually and as natural tutor of his minor sons, Richard H. Derwostyp, Jr.[1] and William Derwostyp,[2] instituted this suit against the defendant, Walter A. Gill, endeavoring to recover the sum of $5,988.90, representing property damage, loss of use of his vehicle, medical expenses and mental anguish suffered by him individually and personal injuries incurred by his sons, as the result of a collision on November 24, 1958 in the intersection of St. Peter Street and Hagan Avenue in the City of New Orleans. Plaintiff asserted that the proximate cause of the accident was defendant’s negligence in driving recklessly at an excessive speed.
Defendant answered and denied the existence of negligence on his part, and alternatively pleaded the contributory negligence of the plaintiff. He then reconvened and asserted that Derwostyp was indebted to him for $785.40, which represented the property damage incurred by his vehicle through the sole negligence of plaintiff’s minor son, Richard.
From a judgment in favor of plaintiff for $750 as natural tutor of the minor William Derwostyp for his use and benefit and dismissing the balance of the main demand and the reconventional demand, predicated upon a finding of concurrent negligence of both drivers, defendant has appealed.
The record reveals that St. Peter, a one-way street, extends, generally speaking, from the river to the lake and Hagan Avenue, a two-way street, intersects it and *697 generally extends from DeSoto to Conti Streets. No traffic signs control either roadway of this intersection.
The testimony of the drivers, as usual, is irreconcilable; however, the evidence preponderates to the effect that the accident occurred in this manner:
Plaintiff’s son, Richard, 18 years of age, was driving his father’s vehicle toward the lake in St. Peter Street, moving at a speed of approximately 20 or 25 miles per hour; as he approached Hagan Avenue he decelerated slightly and attempted to traverse the intersection without stopping or slowing sufficiently to enable him to observe whether is was safe to enter therein. Plaintiff’s driver insists that he looked both ways before entering the intersection but failed to see defendant’s vehicle; however, we are not impressed by this testimony because we conclude that had he looked carefully to his right he should have seen the defendant’s automobile approaching.
Defendant, prior to the occurrence of the accident, testified that he was driving in Hagan Avenue in an uptown direction at a speed of 25 miles per hour and that he observed plaintiff’s vehicle emerge from St. Peter Street when he was some 25 feet removed therefrom. We do not believe that defendant’s estimate of his speed nor the distance that he was removed from St. Peter Street when he first saw plaintiff’s vehicle is accurate. The physical evidence indicates that defendant’s vehicle was further removed from St. Peter Street than his estimate and was also speeding, for in attempting to brake his vehicle the tires thereof impressed upon the roadway of Hagan Avenue approximately eight feet of skid marks, which terminated at this point only because the forward movement of his car was interrupted by plaintiff’s vehicle which was struck almost and amidships. A vehicle moving at a speed of only 25 miles per hour travels about 36 feet before the operator thereof reacts to the imminence of an accident. In this instance, the defendant would have us believe that his vehicle moved only 17 feet after he reacted to the fact that an accident was imminent, and then applied his brakes.
The collision occurred in about the center of the intersection and thereafter, William Derwostyp, age 5, a guest passenger in plaintiff’s automobile, was thrown from the back seat into the street. Plaintiff’s vehicle was damaged on the right fender and front door, while defendant’s vehicle was damaged on the left front.
Predicated on the foregoing findings of fact, the trial judge, in our opinion, properly concluded that the concurrent negligence of both drivers was the proximate cause of the accident; therefore, the only litigant entitled to recover damages was the guest passenger, to whom the negligence of the driver was not imputed. While counsel for the defendant argues that the finding of fact by the trial judge is erroneous, the record fails to substantiate this assertion. In fact, we agree with his conclusion that plaintiff’s driver was negligent in failing to observe traffic conditions in a roadway before attempting to traverse it and defendant’s negligence lies in the fact that he was driving at an excessive speed which rendered him incapable of averting the accident when the plaintiff’s driver imprudently entered the intersection.
The medical evidence, admitted by stipulation, consists solely of a report prepared by Dr. Ephraim Lubritz, who diagnosed William Derwostyp’s condition as follows:
“(1) Shock and apprehension, severe ;
“(2) Contusion of anterior right thigh;
“(3) Contusion and ecchymosis of the occuiput of the head.”
The report, written some three weeks after the accident, indicated that William was being treated twice weekly for his injuries at that time. In conjunction with the diagnosis of severe shock and apprehension,, plaintiff testified that his son began ex *698 periencing' severe headaches and nightmares after the accident. He further stated the boy urinated too frequently thereafter which often was uncontrolled, a condition that had not existed before the accident.
Predicated upon this evidence the trial court awarded plaintiff the sum of $750 for the use and benefit of his son, William.
Counsel for plaintiff obviously agrees with the award for he has not requested an increase of the judgment.
Counsel for defendant urges, however, that should we conclude defendant’s negligence renders him liable to the guest passenger, then the award is excessive. He argues that the medical evidence reveals only minor physical injuries for which nominal damages should be awarded and cites four cases [3] in support of this conclusion.
While it is true that the apparent physical injuries to the boy were limited to minor contusions, there is uncontradicted testimony in the record that the boy suffered serious after-effects, namely, periodic headaches and nightmares. We are convinced that plaintiff was truthful in relating these conditions for they are compatable with the doctor’s finding of “shock and apprehension, severe”. This case is clearly distinguishable from those relied upon by the defendant, since in all four cited for our consideration, the claimants incurred minor injuries which caused no residual effects. Therefore, we conclude that the award of $750 under such circumstances' is proper, insofar as money may make it so.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. The operator of plaintiff’s vehicle.

. He was a guest passenger in plaintiff’s vehicle.

. The cases and circumstances of the awards therein are as follows: Moore v. Shreveport Transit Co., La.App., 115 So. 2d 218—$100 judgment to claimant who suffered slight bruises and lacerations and lost two days work.
Morton v. American Employers Ins. Co., La.App., 104 So.2d 189—$250 awarded to 18 month old infant with slight cuts to bead and face, where slight facial scar was evident on the trial of the case.
Crimi v. Delony, La.App., 91 So.2d 465—$150 to claimant for bruises and cuts to the left knee with no permanent effects.
Wilson v. Williams, La.App., 82 So.2d 71—$150 to 12 year old boy who was “shaken up” and developed a stiff neck two days after the accident.